Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
Yana A. Hart, Esq. (SBN: 306499)
yana@westcoastlitigation.com
**Hyde & Swigart, APC**
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108-3609
Telephone: (619) 233-7770
Fax: (619) 297-1022

*Attorneys for Plaintiff*
Jason Kramer

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JASON KRAMER, individually** | Case No: **5:19-cv-86** |
| Plaintiff, | |
| v. | **COMPLAINT FOR DAMAGES FOR VIOLATIONS OF:**<br>(1) **THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692,** *et seq.***; AND**<br>(2) **THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, Cal. Civ Code § 1788,** *et seq.* |
| **RECOVERY SOLUTIONS GROUP, LLC.** | |
| Defendant. | |
| | **JURY TRIAL DEMANDED** |

### INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the

loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.

3. Jason Kramer ("Plaintiff"), through his attorneys also brings this action to challenge the illegal actions of Recovery Solutions Group, LLC ("Defendant"), with regard to attempts by Defendant to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

4. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, which Plaintiff alleges on personal knowledge.

5. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

6. Unless otherwise stated, Plaintiff alleges that any violations by Defendant were knowing and intentional, and that Defendant did not maintain procedures reasonably adapted to avoid any such violation.

7. Through this complaint, Plaintiff does not allege that any state court judgment was entered against Plaintiff in error, and Plaintiff does not seek to reverse or modify any judgment of any state court.

## JURISDICTION AND VENUE

8. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

9. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq*. ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 ("Rosenthal Act").

10. Because Defendant does business within the State of California, personal jurisdiction is established.

11. Plaintiff is a natural person who resides in the City of Corona, County of Riverside, State of California.

12. Venue is proper in the United States District court for the Central District of California pursuant to 28 U.S.C. § 1391 for the following reasons: (i) at all material times hereto, Plaintiff resided in the County of Riverside, State of California within this judicial district; and (ii) the conduct complained of herein occurred within this judicial district, specifically, Defendant tried to collect an alleged debt owed from Plaintiff who was physically located in this judicial district.

## PARTIES

13. Plaintiff is a natural person as that term is used in 15 U.S.C. § 1692 et seq. and California Civil Code § 1788.2(h), Plaintiff resides in the City of Corona, County of San Diego, State of California.

14. Plaintiff is a person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff.

Plaintiff is a "debtor" as that term is defined by California Civil Code § 1788.2(h) and a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

15. Plaintiff is informed and believes, and thereon alleges, that Defendant is, and at all times mentioned herein was, a limited liability company registered in Delaware.

16. Defendant uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a "debt collector" as that phrase is defined by 15 U.S.C. § 1692a(6).

17. Defendant, in the ordinary course of business, regularly, on behalf of itself, or others, engages in debt collection as that term is defined by California Civil Code § 1788.2(b), and is therefore a "debt collector" as defined in California Civil Code § 1788.2(c).

## FACTUAL ALLEGATIONS

18. Sometime before 2014, Plaintiff is alleged to have incurred certain financial obligations.

19. These financial obligations were primarily for personal, family, or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

20. These alleged obligations were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and are therefore a "debt" as that term is defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

21. Sometime thereafter, but before 2014, Plaintiff allegedly fell behind in the payments allegedly owed on the alleged debt.

22. Subsequently, but before September 2018, the alleged debt was assigned, placed, or otherwise transferred to Defendant for collection.

23. On September 28, 2018, Plaintiff received the following threatening voice mail from the telephone number (951) 228-9959:

> "Hello, this message is solely intended for [pause] Jason Kramer [pause]. The office of Recovery Solutions Group would like to address a returned check that you have authorized and submitted over to a financial solution. We will notify your employer to request immediate assistance with the court to possibly execute a bank ruling against you for services rendered . . . please govern yourself accordingly."

24. At no point prior to receiving the message had Plaintiff had a returned check as indicated in the voicemail.

25. This communication to Plaintiff was a "communication" as that term is defined by 15 U.S.C. § 1692a(2), and an "initial communication" consistent with 15 U.S.C. § 1692g(a).

26. This communication was a "debt collection" as Cal. Civ. Code 1788.2(b) defines that phrase, and an "initial communication" consistent with Cal. Civ. Code § 1812.700(b).

### 15 U.S.C. § 1692e

27. Under 15 U.S.C. § 1692e, "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." This includes, but is not limited to, "[t]he threat to take any action that cannot legally be taken or that is not intended to be taken," and "the use of any false representation or deceptive means to collect or attempt or collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e, subds. (5) & (10).

28. Defendant made a false threat to take action that it could not legally take. At least four years after the Debt had originated Defendant left Plaintiff a message

regarding payment of the Debt. It further referenced a nonexistent returned check in an attempt to coerce Plaintiff's payment.

29. In addition, Defendant threatened to contact Plaintiff's employer and institute judicial proceedings in which it has no right to do based on the lapse of time since the debt was past due. Accordingly, taking such action would be illegal.

30. For the above reasons, Defendant violated 15 U.S.C. § 1692e and 15 U.S.C. § 1692e subds. (5) & (10).

### 15 U.S.C § 1692f

31. 15 U.S.C § 1692f states that "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." This includes, but is not limited to, "[t]he collection of any amount . . . unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

32. Defendant threatened to take action that it knew it could not legally take. This is undeniably evidenced by Defendant's false and vague indications that a check authorized and submitted by Plaintiff had been returned. In combination with threatening to notify Plaintiff's employer and institute judicial proceedings, Defendant's ploy to collect the alleged Debt serves as an unconscionable means to collect a debt.

### Cal Civ. Code § 1788.17

33. The RFDCPA incorporates the above FDCPA provisions through Cal. Civ. Code § 1788.17. Thus, in violating the above provisions of the FDCPA, Defendant violated Cal. Civ. Code § 1788.17.

### Cal Civ. Code § 1788.13

34. The RFDCPA strictly prohibits "[t]he false representation that a legal proceeding has been, is about to be, or will be instituted unless payment of a consumer debt is made." Cal. Civ. Code § 1788.13(j).

35. Despite lacking any legal ability to do so, Defendant's voice message threatened to "execute a bank ruling against [Plaintiff] for services rendered."

It then provided Plaintiff with a reference number and a number to call presumably to make payments on the debt. Accordingly, Defendant's conduct further violates the RFDCPA.

# FIRST CAUSE OF ACTION
# VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
# 15 U.S.C. §§ 1692 ET SEQ.

36. Plaintiff repeats, re-alleges, and incorporates by reference, all allegations of this Complaint as though fully stated herein.

37. The foregoing acts and omissions constitute multiple violations of the FDCPA, including but not limited to the above-cited provision of the FDCPA, 15 U.S.C. §1692 *et seq*.

38. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. §1692k(a)(1); statutory damages in the amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

# SECOND CAUSE OF ACTION
# VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT
# CAL. CIV. CODE §§ 1788-1788.32

39. Plaintiff repeats, re-alleges, and incorporates by reference, all allegations of this Complaint as though fully stated herein.

40. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA, including but not limited to the above-cited provisions of the FDCPA.

41. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ Code § 1788.30(a); statutory damages in the amount up to $1,000.00 pursuant to Cal. Civ Code § 1788.30(b); and

reasonable attorneys' fees and costs pursuant to Cal. Civ Code § 1788.30(c) from Defendant.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

### FIRST CAUSE OF ACTION
### FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)
### 15 U.S.C. § 1692 ET SEQ.

- An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);
- An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3); and
- Any other relief this Court should deem just and proper.

### SECOND CAUSE OF ACTION
### ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT CAL. CIV. CODE §§ 1788-1788.32

- An award of actual damages pursuant to California Civil Code § 1788.30(a);
- An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b);
- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c); and
- Any other relief this Court should deem just and proper.

///
///
///
///

# TRIAL BY JURY

42. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Date: January 14, 2019                                      **Hyde & Swigart, APC**

                                                    By: *s/ Yana A. Hart*
                                                         Yana A. Hart, Esq.
                                                         Attorney For Plaintiff